

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 10, 2014

Robert Sheketoff, Esq.
One McKinley Square
Boston, MA  02109

> Re:  United States v. Correia et al.
>       Criminal No. 13cr10242-RGS

Dear Mr. Sheketoff:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Julio Rodriguez ("Defendant"), in the above-referenced case. The Agreement is as follows:

1. Change of Plea

At the earliest practicable date, Defendant shall plead guilty to the Indictment in the above-referenced case charging him with conspiring to commit robbery in violation of 18 U.S.C. §1951 (the Hobbs Act) (Count 1) and possession of a firearm in furtherance of a violent crime in violation of 18 U.S.C. §924(c) (Count 2). Defendant expressly and unequivocally admits that he committed the crimes charged in the Indictment, did so knowingly, and is in fact guilty of those offenses.

As to the offenses at issue, Defendant agrees and admits that the following facts are true and accurate. Defendant was involved in a criminal conspiracy with his codefendants Antonio Correia, Sr., Marquis Simmons, Antonio Correia, Jr., Branden Correia, and Jokarly Fernandez to rob a diamond dealer of jewels and United States currency. The six conspirators met together as a group, and all agreed to participate in the robbery of the diamond dealer.  In this regard, Defendant and his five co-conspirators believed that the diamond dealer's business involved interstate commerce as the dealer traveled from Massachusetts to New York to conduct business. On August 2, 2013, Defendant and his co-conspirators (Antonio Correia, Sr., Marquis Simmons, Antonio Correia, Jr., Branden Correia, and Jokarly Fernandez) drove to a location in Malden, Massachusetts, where the conspirators believed the dealer maintained an office, in order to conduct an armed robbery of the dealer.  Defendant, along with Antonio Correia, Sr., and

Marquis Simmons, were in one vehicle, while the other three conspirators (Antonio Correia, Jr., Branden Correia, and Jokarly Fernandez) were in a separate vehicle. Pursuant to the conspirators' plan, Defendant, Antonio Correia, Sr., and Marquis Simmons were to commit the physical robbery of the dealer and were armed with two firearms to commit the robbery; the three also had other materials necessary to commit the robbery, including masks and restraints for the intended victim of the robbery. Pursuant to the conspirators' plan, Antonio Correia, Jr., Branden Correia, and Jokarly Fernandez were to wait outside the victim's business in their vehicle, and to help with the removal of the victim's safe if the other conspirators were unable to open the safe on site. All six conspirators were to receive shares in the proceeds of the armed robbery.

2. <u>Penalties</u>

Defendant faces the following minimum mandatory and maximum penalties on the two counts of the Indictment: Count 1 - incarceration for 20 years, supervised release for 3 years, a fine of $250,000, and a mandatory special assessment of $100; and Count 2 – incarceration for a term of life and a minimum of 5 years to be served consecutively with the punishment imposed on Count 1, supervised release for 5 years, a fine of $250,000, and a mandatory special assessment of $100.

Defendant also recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory mandatory minimum and maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines ("USSG" or "Guidelines") promulgated thereunder. The USSG are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the USSG and the other factors set forth in 18 U.S.C. §3553(a).

The parties agree with respect to the application of the USSG that, as to Count 1:

    (i)    in accordance with USSG §2B3.1(a), Defendant's base offense level is 20;

    (ii)    in accordance with USSG §2B3.1(b)(4)(B), Defendant's offense level is increased by 2 levels, because the defendants conspired to restrain their intended victim; and

    (iii)    in accordance with USSG §2B3.1(b)(7)(C), Defendant's offense level is increased by 2 levels, because the defendants conspired to rob in excess of $50,000 from their intended victim.

As to Count 2, the parties agree that, under USSG §2K2.4(b), Defendant is subject to a 5-year sentence to run consecutive to the sentence imposed on Count 1.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to USSG §4A1.3 should any of Defendant's prior convictions be vacated or Defendant's Criminal History Category otherwise change after Defendant's indictment in this case.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's adjusted offense level under USSG §3E1.1.

The U.S. Attorney expressly reserves the right not to recommend a reduction under USSG §3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing, Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit Defendant's conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

    (d)    Fails to provide truthful information about Defendant's financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

    (f)    Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime;

      (i)        Transfers any asset protected under any provision of this Agreement; or

      (j)        Attempts to withdraw Defendant's guilty plea.

Defendant expressly understands that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in offense level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after the date of this Agreement.

Nothing in this Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

    4.      <u>Sentence Recommendation</u>

The United States Attorney agrees to recommend the following sentence before the Court:

      (a)      a period of incarceration of 78 months;

      (b)      a fine within the Guidelines sentencing range as calculated by the parties in Paragraph 3 unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

      (c)      60 months of supervised release; and

      (d)      a mandatory special assessment of $200.

Defendant agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 21 days before sentencing. Any basis for sentencing as to which Defendant has not provided the U.S. Attorney all such items at least 21 days before sentencing shall be deemed waived.

    5.      <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Waiver of Rights to Appeal and to Bring Future Challenge</u>

   (a) Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that, in some circumstances, Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241, or 18 U.S.C. §3582(c), that Defendant's conviction should be set aside or Defendant's sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) set aside or reduced.

   (b) Defendant waives any right to challenge Defendant's conviction on direct appeal or in a future proceeding (collateral or otherwise).

   (c) Defendant agrees not to file a direct appeal nor challenge in a future proceeding (collateral or otherwise) any sentence of imprisonment of 106 months or less or any orders relating to supervised release, fines, forfeiture, and restitution. This provision is binding even if the Court's Guidelines analysis is different from that set forth in this Agreement.

   (d) This Agreement does not affect the rights of the United States as set forth in 18 U.S.C. §3742(b). Defendant expressly acknowledges that he understands the U.S. Attorney has retained all appeal rights.

   (e) Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer was ineffective in connection with the negotiation of this plea agreement or the entry of the guilty plea.

7. <u>Other Post-Sentence Events</u>

   (a) In the event that, notwithstanding the waiver provision of Paragraph 6(c), Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or future challenge (collateral or otherwise) is waived as a result of the waiver in Paragraph 6(c)).

   (b) If, notwithstanding the waiver provision of Paragraph 6(c), Defendant seeks re-sentencing, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior

crime.

(c) In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Defendant's initial sentencing pursuant to this Agreement.

8. <u>Court Not Bound by Agreement</u>

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the mandatory minimum and maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed, nor because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

9. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Agreement.

10. <u>Rejection of Plea by Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Agreement shall be null and void at the option of the U.S. Attorney.

11. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that his

breach of an obligation under this Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea. Defendant further understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements that Defendant may make, and any information, materials, documents or objects that Defendant may provide to the government subsequent to this Agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

12. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Michael J. Crowley.

    Very truly yours,

    CARMEN M. ORTIZ
    United States Attorney

By: *[signature]*
    CYNTHIA A. YOUNG
    Chief, Criminal Division
    JAMES D. HERBERT
    Deputy Chief, Criminal Division

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crime to which I have agreed to plead guilty, the mandatory minimum and maximum penalties for the offense and the Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Julio Rodriguez
Defendant

Date: 4/7/14

I certify that Julio Rodriguez has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

Robert Sheketoff, Esq.
Attorney for Defendant

Date: 4/7/14